## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

**WADE T. UGLAND**     )
301 C Street, #3475     )
Yuma, AZ 85365      )
           )
 and        )
           )  Civil Action No.:
**TONY E. ACHESON**     )
14374 E 53rd Street      )
Yuma, AZ 85367      )
           )
 and        )
           )
**MARC McCALL**      )
6342 Rolling Tree Street    )
Jacksonville, FL 32222    )
           )
   Plaintiffs,    )
           )
  v.         )
           )
**LOCKHEED MARTIN**    )
**CORPORATION**      )
1040 S Parkway Frontage Road )
Lakeland, FL 33813     )
           )
   Defendant.    )
_____ )

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiffs Wade T. Ugland, Tony E. Acheson and Marc McCall (collectively, "Plaintiffs") bring this action against their former employer, Defendant Lockheed Martin Corporation ("Lockheed"), for its failure to pay proper compensation to them for their performance of overtime work.

**NATURE OF THE CASE**

1.      Plaintiffs bring this action for declaratory, monetary, and other appropriate relief to redress Lockheed's intentional violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.      Plaintiffs were not paid full wages for all hours worked or overtime compensation at a rate not less than one and one-half (1.5) times the regular rate at which they were employed for work performed beyond forty (40) hours per workweek, as required by the FLSA for at least three (3) years prior to the filing of this action (referred to herein as the "Look-Back Period").

3.      Lockheed's policy and practice was to deny earned wages and overtime pay. Lockheed's failure to pay Plaintiffs their earned wages and overtime compensation has been deliberate and violated the FLSA.

**JURISDICTION AND VENUE**

4.      The FLSA authorizes claims by private parties to recover damages for violations of the FLSA's wage and hour provisions.  Jurisdiction over this FLSA action is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Lockheed is subject to personal jurisdiction in this District as it maintains a place of business in this District, regularly does business in this District, and employed Plaintiffs through its place of business in this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), as Lockheed resides in this District and because a substantial part of the events giving rise to the claims herein occurred in this District.

## PARTIES

7.      Lockheed is an American aerospace, defense, arms, security, and advanced technologies company with worldwide interests.  It is the world's largest defense contractor.

8.      Lockheed provides services in connection with unmanned aerial vehicles ("UAV"), unmanned aerial systems ("UAS"), and surveillance and video/imagery solutions.  UAV are more commonly known as "drones."

9.      Lockheed provides services in connection with a UAS named "Aerostat"—a helium-filled, tethered implementation utilized for surveillance projects.

10.     For its work with the Aerostat, Lockheed employed Field Engineers (Level 1), Associate Field Engineers (Level 2), and Senior Field Engineers (Level 3).  The Plaintiffs in this action were Senior Field Engineers.

11.     Lockheed was the "employer" of Plaintiffs as that term is defined by Section 203 of the FLSA.

12.     Lockheed employed and directed Plaintiffs out of the Lakeland, FL office.  It controlled the terms and conditions of their employment and had involvement with the assignment and direction of their job duties and responsibilities, their pay including the rate of pay, and method by which the pay was computed.

13.     Plaintiff Ugland was employed by Lockheed and held the positon of Senior Field Engineer from 2007 through September 2019, when he was laid off.  He performed services for Lockheed in Arizona and Kentucky.

14.     Plaintiff Ugland was an "employee" of Lockheed as that term is defined by Section 203 of the FLSA.

15.     Plaintiff Acheson was employed by Lockheed and held the positon of Senior Field Engineer from in or about May, 2018 through September 2019, when he was laid off.  He performed services for Lockheed in Arizona and abroad.

16.     Plaintiff Acheson was an "employee" of Lockheed as that term is defined by Section 203 of the FLSA.

17.     Plaintiff McCall was employed by Lockheed and held the positon of Senior Field Engineer from in or about August 2018 through September 2019, when he was laid off.  He performed services for Lockheed in Arizona and Kentucky.

18.     Plaintiff McCall was an "employee" of Lockheed as that term is defined by Section 203 of the FLSA.

## STATEMENT OF FACTS

19.     During the Look-Back Period, Lockheed improperly classified Plaintiffs as "exempt" from the requirements of the FLSA thereby denying them proper wages and overtime compensation for hours worked in excess of forty per workweek, as required by the FLSA.

20.     In the alternative, if during the Look-Back Period, Lockheed classified Plaintiffs as "non-exempt" from the requirements of the FLSA, it failed to pay them proper wages and overtime compensation for hours worked in excess of forty per workweek, as required by the FLSA.

21.     During the Look-Back Period, Lockheed violated the FLSA by failing to compensate Plaintiffs at a rate not less than one and one-half (1.5) times the regular rate for work performed in excess of forty hours per workweek.

22.     In typical workweeks, with the knowledge, permission, and mandate of their superiors and management, Plaintiffs worked forty hours, worked extra hours during such forty-

hour weeks, and were not properly compensated for extra hours beyond forty hours they worked during those forty-hour weeks.

23.     Within the Look-Back Period, Plaintiffs typically worked forty hours each workweek, worked extra hours during such forty-hour week, and were not properly compensated for extra hours beyond forty hours they worked during those forty-hour weeks.

24.     For each workweek, Plaintiffs recorded their hours worked in Lockheed's computer timekeeping system.

25.     Lockheed's computer timekeeping system will show the many workweeks during which Plaintiffs worked forty hours, worked extra hours during such forty-hour weeks, and were not properly compensated for extra hours beyond forty hours they worked during those forty-hour weeks.

26.     Lockheed's payroll records will show that Plaintiffs were not properly paid for the extra hours in excess of forty per workweek for the many workweeks during which they worked more than forty hours.

27.     Plaintiffs were required to work in 13-hour shifts.  There is a day shift from 6:00 a.m. to 6:00 p.m. and a night shift from 6:00 p.m. to 6:00 a.m., plus one hour for drive time.

28.     Plaintiffs' primary job duties were to work outside at the job sites along with other Field Engineers, monitor the work activity and perform routine, manual tasks to operate the Aerostat.  More specifically, Plaintiffs—

        (a)     upon arrival to the site, attended a briefing with the incoming Field Engineers and those from the outgoing shift concerning the status of the mission and weather conditions;

        (b)     inspected the system and equipment along with the other Field Engineers;

(c)     conferred with the other Field Engineers about the current weather conditions and whether or not to fly the Aerostat;

(d)     sat in the Ground Control Station along with the other Field Engineers and rotated with them in the operation of the surveillance cameras on the Aerostat, monitoring the telemetry, condition of the Aerostat, wind conditions and helium levels during the flight;

(e)     followed instructions and orders from the Site Lead;

(f)     prepared logs and other reports; and

(g)     showed newly hired Field Engineers how to perform certain work tasks.

29.     Plaintiffs consistently worked in excess of forty hours each workweek with the knowledge, permission, and mandate of Lockheed.

30.     As part of its regular business practice, Lockheed engaged in a pattern, practice, and/or policy of violating the FLSA.

31.     Lockheed's unlawful conduct detailed in this Complaint was pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

32.     Lockheed committed the above-described FLSA violations as a result of its own improper classification of Plaintiffs as "exempt," when they should have been classified as non-exempt under the FLSA.

33.     Alternatively, if Lockheed classified Plaintiffs as "non-exempt," it violated the FLSA by failing to pay them a rate not less than one and one-half (1.5) times the regular rate for work performed in excess of forty hours per workweek.

34.     Plaintiffs did not fit into any exemption under the FLSA and, therefore, any classification of them as exempt from overtime compensation was improper and violated the FLSA.

35.   Plaintiffs were not paid on a salary basis. Their weekly pay was calculated by multiplying the number of hours by their hourly rate.

36.   Plaintiffs were not paid a predetermined, guaranteed minimum weekly salary.

37.   Plaintiffs' weekly pay changed based on the number of hours worked.  If the number of hours worked in a week was less than forty, Plaintiffs were required to apply accrued, unused paid time off in order to reach the forty hours.

38.   The Senior Field Engineers, Associate Field Engineers and Field Engineers were all paid in the same fashion, to wit – weekly pay was calculated by multiplying the number of hours by their hourly rate.

39.   Plaintiffs did not manage the enterprise.

40.   Plaintiffs did not customarily or regularly direct the work of other full-time employees of Lockheed, nor did they have any authority to hire or fire other employees.

41.   Plaintiffs worked outside in the field with their hands. They did not perform office or non-manual work directly related to the management or general business operations of Lockheed.

42.   Plaintiffs were not required to exercise discretion and independent judgment with respect to matters of significance.

43.   Plaintiffs' primary duty did not include the performance of work requiring advanced knowledge—work which was predominantly intellectual. Knowledge possessed by Plaintiffs and utilized for their work was not in a field of science or learning, nor was it acquired by a prolonged course of specialized intellectual instruction.

44.   Plaintiffs did not perform work typically associated with computer systems analysts, computer programmers, software engineers or other similarly skilled workers in the

computer field.  Further, Plaintiffs' primary duty did not include the design, development, and/or creation of computer systems or programs.

45.     Lockheed repeatedly misrepresented the true nature of compensation to Plaintiffs, thereby failing to disclose and consciously concealing their true non-exempt status under the FLSA and their entitlement to receive full wages and proper compensation for their overtime work.

46.     Those actions were deliberately taken to confuse and deceive Plaintiffs regarding their entitlement to fair and full compensation for their work.  Plaintiffs relied upon Lockheed's misrepresentations.

47.     Lockheed did not make a good faith effort to comply with the FLSA as related to its compensation of Plaintiffs.

48.     As a direct and proximate result of Lockheed's unlawful acts, Plaintiffs suffered damages by being deprived of wages and overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, costs, attorneys' fees, and other compensation pursuant to the FLSA.

## COUNT ONE
## FAIR LABOR STANDARDS ACT

49.     Plaintiffs incorporate by reference the factual allegations in ¶¶ 7-48 as if fully set forth herein.

50.     At all times relevant hereto, Lockheed was the "employer" of Plaintiffs within the meaning of § 203(d) of the FLSA.

51.     At all times relevant hereto, Lockheed was an employer/enterprise engaged in interstate commerce and/or the production of goods for commerce within the meaning of §§ 206(a) and 207(a) of the FLSA.

52.     At all times relevant hereto, Lockheed employed Plaintiffs within the meaning of the FLSA.

53.     At all relevant times hereto, Lockheed has had gross revenues in excess of $500,000.00.

54.     Because Lockheed willfully violated the FLSA by misclassifying Plaintiffs, a three-year (3) statute of limitations applies to such violations pursuant to § 255 of the FLSA.

55.     Lockheed violated the FLSA by misclassifying Plaintiffs as "exempt" employees, thereby failing and refusing to pay the proper hourly wage computation of Plaintiffs in accordance with § 206 and § 207 of the FLSA.

56.     In typical workweeks, with the knowledge, permission, and mandate of their superiors and management at Lockheed, Plaintiffs worked forty hours, work/worked extra hours during such forty-hour weeks, and were not properly compensated for extra hours beyond forty hours they worked during those forty-hour weeks.

57.     Within the Look-Back Period, Plaintiffs typically worked more than forty hours each workweek, worked extra hours during such forty-hour week, and were not properly compensated for extra hours beyond forty hours they worked during those forty-hour weeks.

58.     At all times relevant hereto, Lockheed had a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to Plaintiffs for their hours worked in excess of forty hours per workweek.

59.     As a direct and proximate result of Lockheed's violations of the FLSA, Plaintiffs suffered damages as they did not receive compensation to which they were entitled pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

(A)    a determination that the practices, policies, and patterns complained of herein were unlawful under the FLSA;

(B)    an award of damages, in an amount to be determined at trial, including unpaid back wages as well as liquidated damages pursuant to the FLSA and regulations of the U.S. Department of Labor promulgated pursuant to the FLSA;

(C)    penalties available under applicable law;

(D)    pre- and post-judgment interest, as provided by law;

(E)    reasonable attorney's fees and costs of suit, including expert fees; and

(F)    such other legal and equitable relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims and issues triable as a matter of right by a jury.

Dated:   June 26, 2020

RESPECTFULLY SUBMITTED,

*/s/ Joshua R. Gale*
Joshua R. Gale, Esquire
Florida Bar # 63283
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
101 N. Woodland Blvd. Ste. 600
DeLand, Florida 32720
Telephone: (386) 675-6946
Facsimile: (386) 675-6947
Email: JGale@wigginschilds.com

*Attorney for Plaintiff and Plaintiff Class*

10

**OF COUNSEL**:
D. G. Pantazis, Jr.
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone:     (205) 314-0557
Email: dgpjr@wigginschilds.com

Peter R. Rosenzweig
KLEINBARD LLC
1717 Arch Street, 5thh Floor
Philadelphia, Pennsylvania 19103
Telephone:     (267) 443-4120
Email: prosenzweig@kleinbard.com

**SERVE DEFENDANTS BY CERTIFIED MAIL**:
Lockheed Martin Corporation
1040 S. Parkway Frontage Road
Lakeland, Florida 33813